546 So.2d 186 (1989)
STATE of Louisiana
v.
Kermit Patrick PARKER.
No. 89-KK-1690.
Supreme Court of Louisiana.
July 21, 1989.
Granted in part and denied in part. The district court did not abuse its discretion by reinstating the defendant's original $75,000.00 bond following his arrest on additional charges while out on bail. La.C. Cr.P. art. 321 (A). The district court may not, however, as an additional condition of release, require that bail be "cash only." Since 1879, the Louisiana constitutions have guaranteed pre-trial detainees in noncapital cases the right to release "upon sufficient suret[y]," and have prohibited the setting of excessive bail. Implementing those constitutional guarantees, the legislature has provided for release on bail posted by surety companies as well as personal sureties, in addition to cash. La.C. Cr.P. arts. 323-329; R.S. 15:103 (1950); Acts 1928, No. 2, § 1, Art. 103. While the district court has the discretion to refuse bail by a particular surety, see, La.C.Cr.P. art. 321(B) (Acts 1979, No. 704), and has the authority to impose other conditions of bail "reasonably related to assuring the appearance of the defendant ...," La.C. Cr.P. art. 336.1, the court must exercise that discretion and authority in light of Louisiana's constitutional guarantee of bail "by sufficient surety." The district court may not exclude all forms of surety bond in preference for cash as a condition of release. Accordingly, the terms of the defendant's bail obligation are amended to delete the "cash only" provision and to provide for "cash or surety."