# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

IN THE INTEREST OF C.G.

NO. 2026 KW 0244

MARCH 2, 2026

---

In Re:    C.G., applying for supervisory writs, City Court of East St. Tammany, Parish of St. Tammany, No. 2026-JP-0253.

---

BEFORE:    MILLER, EDWARDS, FIELDS, JJ.

**WRIT GRANTED.** Before and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great. See La. Const. art. I, § 18; see also La. Code Crim. P. art. 312(A); Juveniles are afforded the same right to bail pending the delinquency adjudication as is accorded to defendants pending their criminal trial. See **State in Interest of Banks**, 402 So.2d 690, 692 (La. 1981). The juvenile court may not exclude all forms of surety in preference for cash as a condition of release. See **State v. Parker**, 546 So.2d 186 (La. 1989). Notwithstanding the restrictions mandated by La. Code Crim. P. art. 321, the "cash [or commercial] only" rule is a violation of an accused's right to secure bail through a surety under the State Constitution. See **State v. Neal**, 2025-158 (La. App. 5th Cir. 5/19/25), 2025 WL 1431585 (unpublished). In this matter, the restriction of bond to cash or commercial surety was improper. Accordingly, this matter is remanded and the juvenile court is ordered to remove the categorical restrictions on the type of security for bond. The juvenile court is further ordered to consider all manner of surety which the court may find is "sufficient" surety including consideration of the sufficiency of a property bond.

SMM
WEF

Edwards, J., dissents and would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT